UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL PADILLA-RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>Daniel BIBLE, Field Office Director, ICE, Jeh JOHNSON, Secretary, Department of Homeland Security, Loretta LYNCH, U.S. Attorney General, United States of America, Rick LAYHER, Sheriff, Elmore County,<br><br>Respondents. | Case No. 1:16-cv-00127-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Petitioner Raul Padilla-Ramirez has been detained by the United States Immigration and Customs Enforcement (ICE) since approximately February 16, 2016 under a reinstated order of removal. During his detention, Padilla-Ramirez requested release on bond, but an Immigration Judge concluded she did not have jurisdiction to hold a bond hearing. As a result, on March 29, 2016, Padilla-Ramirez brought this habeas petition (Dkt. 1). He seeks a writ ordering his immediate release. Alternatively, he asks the Court to direct an Immigration Judge to immediately conduct an individualized bond hearing.

The Court ordered expedited briefing and heard argument on April 12, 2016.

MEMORANDUM DECISION AND ORDER - 1

Having considered the record and the oral arguments, the Court now issues its written decision.  For the reasons explained below, the Court will grant respondents' motion to dismiss, deny the petition, and dismiss this action with prejudice.

## BACKGROUND

The facts of this case are straightforward and not disputed by either party. Petitioner Raul Padilla-Ramirez is a native and citizen of El Salvador.  He entered the United States in 1999 without applying for admission or parole.   Padilla-Ramirez came to the attention of Immigrations and Customs Enforcement (ICE) officials, and on September 8, 2006 Padilla-Ramirez was placed into removal proceedings. At that time, Padilla-Ramirez applied for asylum, withholding of removal and protection under the Convention Against Torture (CAT).  The immigration judge denied those applications but granted the requested benefit of voluntary departure, with a removal order in the alternative should Mr. Padilla-Ramirez fail to depart as agreed.  The Board of Immigration Appeals (BIA) denied his appeal of these orders, but extended the period of voluntary departure for an additional 60 days.

Padilla-Ramirez failed to abide by the terms of his grant of voluntary departure; as a result, the immigration judge's removal order became effective on January 25, 2009.  In February 2010, ICE apprehended Padilla-Ramirez and removed him to El Salvador.

Thereafter, Mr. Padilla-Ramirez unlawfully reentered the United States.  In December 2015, after learning that Padilla-Ramirez was being detained at the Ada County Jail in Boise, ICE reinstated the prior, 2009 removal order.  In February 2016, after pending state criminal charges were dismissed, Ada County transferred Padilla-

**MEMORANDUM DECISION AND ORDER - 2**

Ramirez to ICE custody. Padilla-Ramirez indicated a fear of return to El Salvador, so ICE referred him to U.S. Citizenship and Immigration Services (USCIS) to determine whether he could establish a reasonable fear of persecution or torture under 8 C.F.R. § 208.31.

On March 25, 2016, USCIS found that petitioner had, in fact, stated a reasonable fear of persecution or torture, and referred him to an immigration judge to determine whether Padilla-Ramirez could establish eligibility for either withholding of removal under 8 U.S.C. § 1231(b)(3) or CAT protection. Padilla-Ramirez requested a custody redetermination before the Immigration Judge. The Immigration Judge found that she lacked jurisdiction over the request. This petition followed.

## JURISDICTION

The Court has jurisdiction to hear this petition under 28 U.S.C. § 2241. Generally, this section requires that a habeas petition be brought in the district where the petitioner is confined. Padilla-Ramirez was confined in this district at the time he filed his petition, but later transferred to Utah. The Court retains jurisdiction despite the transfer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Ex parte Endo*, 323 U.S. 283, 306-07 (1944); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.")

## ANALYSIS

The central issue in this petition is whether an alien who is subject to a reinstated removal order and who has expressed a fear of persecution and instituted withholding of

removal proceedings is detained under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a). Deciding which detention statute governs is significant, because "[w]here an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto–Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). As will be explained, the Court concludes that Padilla-Ramirez's reinstated removal order is administratively final, and, therefore, that he is properly detained under 8 U.S.C. § 1231(a).

1.  **Reinstatement of Removal Orders and Withholding-Only Proceedings**

    If an alien who has been removed from this country under a removal order later reenters the United States illegally, the prior removal order may be reinstated. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. en banc). *Id.* If the removal order is reinstated, it is "reinstated from its original date and is not subject to being reopened or reviewed, . . . ." 8 U.S.C. § 1231(a)(5). Further, "the alien is not eligible and may not apply for any relief under this chapter, and . . . shall be removed under the prior order at any time after the reentry." *Id.*

    The regulations governing reinstated removal orders, however, "create[] an exception by which an alien who expresses 'a fear of returning to the country designated in his reinstated removal order is 'immediately' referred to an asylum officer who must determine if the alien has a reasonable fear of persecution or torture in accordance with 8 C.F.R. 208.31." *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir. 2012) (citing 8 C.F.R. § 241.8(e)). If the asylum officer decides that the alien has a reasonable fear of

MEMORANDUM DECISION AND ORDER - 4

persecution or torture, the case is referred to an immigration judge "for full consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e).

During these withholding-only proceedings, the Immigration Judge's jurisdiction is limited to considering whether the alien is entitled to withholding or deferral of removal. 8 C.F.R. § 1208.2(c)(3)(i). "[A]ll parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *Id.* If the Immigration Judge grants the alien's application for withholding of removal, the alien may not be removed to the country designated in the removal order, but may be removed to an alternative country. *See* 8 U.S.C. § 1231(b)(2)(E); 8 C.F.R. § 1208.16(f); *Lanza v. Ashcroft,* 389 F.3d 917, 933 (9th Cir. 2004). The Immigration Judge's decision to grant or deny withholding may be appealed to the BIA. 8 C.F.R. § 208.31(g)(2)(ii). During the pendency of withholding-only proceedings, DHS cannot execute the reinstated removal order. *See Ortiz-Alfaro*, 694 F.3d at 957; 8 U.S.C. § 1231(b)(3).

## 2. Immigration Detention

As noted above, ICE has detained Padilla-Ramirez since approximately February 16, 2016. The parties dispute the statutory basis for his detention. Padilla-Ramirez says that because his withholding proceedings are incomplete, he can only be detained under 8 U.S.C. § 1226(a), which is the pre-removal detention statute. Respondents contend that regardless of the pending withholding proceedings, Padilla-Ramirez's- reinstated removal order is administratively final, which means that the post-removal detention statute (8 U.S.C. § 1231(a)) applies.

The pre-removal statute provides for discretionary detention "pending a decision on whether the alien is to be removed from the United States," and authorizes ICE to release aliens on bond. 8 U.S.C. § 1226(a).  Section 1231(a), on the other hand, governs "detention, release, and removal of aliens ordered removed." 8 U.S.C. § 1231(a). It authorizes detention in only two circumstances. "During the removal period," the Attorney General "shall" detain the alien. 8 U.S.C. § 1231(a)(2) (emphases added). "[B]eyond the removal period," the Attorney General "may" continue to detain certain aliens specified in the statute, or release them under an order of supervision. 8 U.S.C. § 1231(a)(6).

The "removal period" specified in § 1231(a)(1)(B) generally lasts 90 days, and begins on the latest of the following:

(1)   the date the order of removal becomes administratively final;

(2)   if the removal order is judicially reviewed, and if a court orders a stay of the removal of the alien, the date of the court's final order; or

(3)   if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The threshold question, then, is whether the "removal period" referenced in § 1231(a) has been triggered.  That question, in turn, depends on whether the reinstated removal order is "administratively final" – notwithstanding Padilla-Ramirez's pending

withholding proceedings. The Ninth Circuit has not addressed this precise issue and the district courts are split.[1]

### 3.      Petitioner is detained under the post-removal statute, 8 U.S.C. § 1231(a)

In light of the statutory framework described above, this Court concludes that petitioner's reinstated removal order is "administratively final" as that term is used in § 1231(a). Most significantly, 8 U.S.C. § 1231(a)(5) expressly states that reinstated removal orders are "not subject to being reopened or reviewed, . . . ." 8 U.S.C. § 1231(a)(5). Thus, neither the Immigration Judge nor the BIA has any jurisdiction over the reinstated removal order. Rather, in the withholding-only proceedings, their jurisdiction is limited to whether the alien is entitled to the protection of withholding or deferral of removal. *See* 8 C.F.R. § 1208.2(c)(3)(i). The alien remains subject to a removal order, and DHS is simply restricted from removing him to the designated country of removal. *See* 8 U.S.C. § 1231(b)(3).

Under these circumstances, it does not make sense to treat petitioner as though

---

[1] District courts holding that § 1231(a) governs include the following: *Acevedo-Rojas v. Clark*, No. C14-1323-JLR, 2014 WL 6908540 (W.D. Wash. Dec. 8, 2014); *Giron-Castro v. Asher,* No. C14-0687-JLR, 2014 WL 8397147 (W.D. Wash. Oct. 2, 2014); *Mancera v. Kreitzman*, No. 2:16-cv-0089-WCG, 2016 WL 1249600 (E.D. Wis. March 29, 2016); *Sanchez Reyes v. Lynch*, No. 15-cv-442-MEH, 2015 WL 5081597 (D. Colo. Aug. 28, 2015); *Moreno-Gonzalez v. Johnson*, No. 1:14-cv-423, 2014 WL 5305470, at *3 (S.D. Ohio Oct. 15, 2014); *Khemlal v. Shanahan*, No. 14-cv-5186, 2014 WL 5030596, at *2-3 (S.D.N.Y. Oct. 8, 2014). *Santos v. Sabol*, No. 3:14-CV-0635, 2014 WL 2532491, *3-4 (M.D. Pa. June 5, 2014); *Gomez v. Tsoukaris*, No. 14-cv-1400 SRC, 2014 WL 2434311, *2 (D.N.J. May 29, 2014).

District courts holding that § 1226(a) governs include the following: *Mendoza v. Asher,* No. C14-0811-JCC-JPD, 2014 WL 8397145 (W.D. Wa. Sept. 16, 2014); *Utrecht v. Napolitano*, No. 8:12CV347, 2012 WL 5386618 (D. Neb. Nov. 1, 2012); *Pierre v. Sabol*, No. 1:11-CV-2184, 2012 WL 1658293, (M.D. Pa. May 11, 2012).

there were a "pending decision on whether . . . [he] is to be removed from the United States," 8 U.S.C. § 1226(a), and thus subject to detention under the pre-removal statute. In fact, there is no "pending" decision regarding removal; it has been made, and petitioner is thus logically detained under the post-removal statute.

Padilla-Ramirez relies heavily on the Ninth Circuit's decision in *Ortiz-Alfaro v. Holder,* 694 F.3d 955 (9th Cir. 2012) to support his argument that the reinstated removal order is not administratively final. *Ortiz-Alfaro* is not squarely on point, however, as it did not address reinstated removal orders in the context of detention statutes. Rather, the Ninth Circuit was chiefly concerned with preserving an alien's right to seek judicial review of reasonable-fear determinations.

In *Ortiz-Alfaro,* the petitioner was in a procedurally similar situation as Padilla-Ramirez: He had illegally reentered the United States after having been removed; DHS had reinstated the removal order; and he had expressed a fear of persecution and torture if returned to his native country. The asylum officer found that Ortiz had not established a reasonable fear of persecution and torture. Ortiz requested review of this determination by an IJ, but before the IJ completed its review, Ortiz petitioned for judicial review of the reinstatement regulations. He asserted that that the regulations were unlawful because they precluded him from seeking asylum. *Id.* at 957.

Under those facts, the Ninth Circuit held that the reinstated removal order was not final *for purposes of judicial review. Id.* at 958. In particular, the court was concerned that if the reinstated removal order were deemed a "final order of removal" under 8 U.S.C. § 1252(b)(1), Ortiz would lose his right to seek judicial review of any yet-to-be

issued finding that he lacked reasonable fear of persecution. *Id.* The loss of such a right would raise serious constitutional issues "because the Suspension Clause 'unquestionably' requires some judicial intervention in deportation cases, . . . .'" *Id.* (quoting *Lolong v. Gonzales,* 484 F.3d 1173, 1177 (9th Cir. 2007) (en banc) (quoting *INS v. St. Cyr*, 533 U.S. 289, 300 (2001)). The *Ortiz-Alfaro* Court thus couched its holding in terms of preserving the right to judicial review:

> *In order to preserve judicial review* over petitions challenging administrative determinations made pursuant to 8 C.F.R. § 208.31(e) or (g), we hold that where an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete.

*Id.* (emphasis added).

*Ortiz-Alfaro* does not control here. First, as already noted, *Ortiz-Alfaro* did not concern detention. More specifically, the court in *Ortiz-Alfaro* did not wrestle with the clear language of § 1231(a)(5), which prohibits any reopening of or challenge to a reinstated removal order. *See id.* at 956 n.1 (assuming, without deciding, that § 1231(a)(5) did not prohibit petitioner from seeking withholding of removal). Second, and more broadly, whether Padilla-Ramirez is detained under § 1231(a), as opposed to § 1226(a), has no effect on his right to seek judicial review of his reinstated order of removal or the ultimate decision on his application for withholding of removal. Thus, the concern for preserving the right to petition for judicial review, which drove the decision in *Ortiz-Alfaro*, is not present here.

**MEMORANDUM DECISION AND ORDER - 9**

For these reasons, this Court joins the district courts in this circuit that have held *Ortiz Alfaro* is not controlling and that petitioners such as Padilla-Ramirez are properly detained under § 1231(a) – not § 1226(a). *See, e.g., Acevedo-Rojas v. Clark*, No. C14-1323-JLR, 2014 WL 6908540 (W.D. Wash. Dec. 8, 2014); *Giron-Castro v. Asher,* No. C14-0687-JLR, 2014 WL 8397147 (W.D. Wash. Oct. 2, 2014).[2]

## ORDER

**IT IS ORDERED that:**

1. Respondents' Motion to Dismiss (Dkt. 17) is **GRANTED.**

2. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

DATED: April 15, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

---

[2] A federal magistrate judge in the District of Colorado also concluded, in an analysis similar to that employed here, that § 1231(a) governed detention in a similar procedural setting after considering Tenth Circuit precedent similar to *Ortiz-Alfaro. See Sanchez Reyes v. Lynch*, No. 15-cv-442-MEH, 2015 WL 5081597 (D. Colo. Aug. 28, 2015) (discussing *Luna-Garcia v. Holder*, 777 F.3d 1182 (10th Cir. 2015)).